UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAMMIE EUGENE ANDERSON,
JR. ,

        Plaintiff,

v.                                          Case No.:  6:22-cv-874-KCD

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

## ORDER

Plaintiff Sammie Anderson, Jr. sues under 42 U.S.C. §§ 405(g) and
1383(c)(3) for judicial review of the Commissioner of Social Security's decision
denying his application for disability insurance benefits. (Doc. 1.)[1] For the
reasons below, the Commission's decision is affirmed.

## I. Background

The procedural history, administrative record, and law are summarized
in the parties' briefs (Doc. 16, Doc. 17, Doc. 18) and are not fully repeated here.
Anderson filed for disability benefits claiming he could not work because of
severe arthritis in both knees, hip replacement surgery, back problems, and

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have
been omitted in this and later citations.

high blood pressure. (Tr. 367, 385.) After his application was initially denied,

Anderson sought review by an administrative law judge ("ALJ"). (Tr. 15.)

Following a hearing, the ALJ agreed that Anderson was not disabled.

(Tr. 15, 138-50.) The Appeals Council granted Anderson's request for review,

eventually vacating the ALJ's decision and remanding for further evaluation

of a medical opinion. (Tr. 15-16, 156-60.) Upon reconsideration, the ALJ again

found Anderson not disabled. (Tr. 15-17.) To make this determination, the ALJ

used the multi-step evaluation process established by the Commissioner. *See*

20 C.F.R. § 404.1520(a).[2] The ALJ found that although several of Anderson's

impairments qualified as severe, he retained the residual functional capacity

("RFC") to perform light work with restrictions:

> [He can] stand and walk 6 hours in an 8-hour workday, and
> sit 6 hours in an 8-hour workday. The claimant can
> frequently push and pull with the right lower extremity.
> He can frequently climb ramps and stairs, but occasionally
> climb ladders, ropes, and scaffolds. The claimant can
> frequently stoop, kneel, crouch, and crawl. He can tolerate
> only occasional exposure to extreme cold and heat but
> cannot tolerate exposure to hazards.

---

[2] An individual claiming Social Security disability benefits must prove that she is
disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social
Security Regulations outline a five-step, sequential evaluation process used to
determine whether a claimant is disabled: (1) whether the claimant is currently
engaged in substantial gainful activity; (2) whether the claimant has a severe
impairment or combination of impairments; (3) whether the impairment meets or
equals the severity of the specified impairments in the Listing of Impairments; (4)
based on a residual functional capacity assessment, whether the claimant can
perform any of his or her past relevant work despite the impairment; and (5) whether
there are significant numbers of jobs in the national economy that the claimant can
perform given the claimant's RFC, age, education, and work experience." *Winschel v.
Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

(Tr. 19.)

After considering the RFC and other evidence, including vocational expert testimony, the ALJ ultimately concluded that Anderson could perform his past relevant work as a cook, driver, duct maker, construction worker, and lumber stacker. (Tr. 26-28.) She also found Anderson could perform other jobs that exist in significant numbers in the national economy. (Tr. 26-28.) Thus, Anderson was not disabled as that term is defined in this context. (Tr. 28.)

Anderson further exhausted his administrative remedies, and this lawsuit timely followed. (Doc. 1; Doc. 16 at 2.)

## II. Standard of Review

Review of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The Supreme Court recently explained, "whatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [his] position; [he] must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

### III. Analysis

Anderson argues the ALJ erred by failing to "provide an adequate justification for rejecting [his] testimony about his pain." (Doc. 16 at 1.) The Eleventh Circuit recently reiterated the standard used to address an argument such as this, based on "pain or other subjective symptoms":

> A claimant may establish that [s]he has "a disability through [her] own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th

Cir. 2005). In such a case, the claimant must show evidence of an underlying medical condition and either "objective medical evidence that confirms the severity of the alleged pain arising from that condition" or "that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). Once a claimant has made this showing, the Commissioner "must then evaluate the intensity and persistence of [the claimant's] symptoms" in light of "all available evidence," including the claimant's testimony. 20 C.F.R. § 404.1529(c)(1). The Commissioner "will not reject" a claimant's statements "solely because the available objective medical evidence does not substantiate" the statements. *Id.* § 404.1529(c)(2). Instead, the ALJ considers several "[o]ther factors concerning [the claimant's] functional limitations and restrictions due to pain and other symptoms." *Id.* § 404.1529(c)(3)(i)-(vii).

If a claimant provides subjective testimony on the severity of his symptoms, as [the claimant] did here, the ALJ "must articulate explicit and adequate reasons" for rejecting the complaints. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). The ALJ's "credibility determination does not need to cite particular phrases or formulations[,] but it cannot merely be a broad rejection" that fails to consider a claimant's "medical condition as a whole." *Dyer*, 395 F.3d at 1210-11 (cleaned up). We will not disturb "[a] clearly articulated credibility finding with substantial supporting evidence in the record." *Foote*, 67 F.3d at 1562.

*Taylor v. Comm'r of Soc. Sec.*, No. 21-12804, 2022 WL 1634086, at *5-6 (11th Cir. May 24, 2022).

Here, the ALJ reiterated this formula, followed it, and cited evidence to support her findings. (Tr. 20-26.) She noted Anderson has "medically determinable impairments [that] could reasonably be expected to cause the alleged symptoms." (Tr. 20.) Then, "after careful consideration of the evidence,"

the ALJ concluded Anderson's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 20-21.) Thus, the question is whether the ALJ's explanation for this credibility finding is "clearly articulated . . . with substantial supporting evidence in the record." *Foote*, 67 F.3d at 1562.

The ALJ could not have been clearer:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because the claimant has not generally received the type of medical treatment one would expect for a disabled individual. Although the claimant has received treatment for the allegedly disabling impairments, that treatment has been essentially routine and/or conservative in nature.

(Tr. 21.) She then cited the supporting evidence. For example, the ALJ pointed out that in lieu of a more invasive surgery on his left hip, a conservative treatment course was explored: Physical therapy, "corticosteroid injection and stretching were discussed with the claimant as treatment options for his left hip pain." (Tr. 22.)

As for Anderson's right hip, the ALJ recognized that he had surgery but noted that he responded well and was able to control pain sufficiently to perform his usual activities of daily living, including physical therapy. (Tr. 22.) Anderson was reportedly "pleased with the progress," and within a few months was ambulating independently, had a satisfactory range of motion, and had

continued improvement in pain and function. (Tr. 22.) The ALJ pointed out that despite an internally inconsistent medical source opinion, Anderson's physical examinations were generally positive:

> the claimant's subsequent physical examinations performed since February 2020 reflect no signs of edema of the extremities, normal unassisted gait, and shows that his low back pain and hip pain are stable with treatment, which reveals that the treatment has been generally successful in controlling those symptoms.

(Tr. 23.) And more than a year after the surgery, Anderson's primary care physician noted that "examination of the claimant's hip was within normal limits." (Tr. 24.) The ALJ concluded, "[o]verall, the record shows the claimant's allegations were not fully consistent with the medical evidence record. The claimant was able to see to his personal care. His right-hip pain improved after his surgery." (Tr. 24.)

Still, Anderson contends this is not substantial evidence to support the ALJ's finding of inconsistency with the medical evidence. (Doc. 16 at 3, 5.) He points to facts in the record that support his position, including pain and his need to take strong pain medication. (*Id.* at 3, 9.) At best, this shows conflicting evidence in the record. But it is the ALJ's job to resolve conflicts by weighing the evidence—not the Court's. *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973) ("Resolution of conflicts in the evidence, including conflicting

medical opinions and determinations of credibility are not for the courts; such functions are solely within the province of the Secretary.").

Anderson also points out what he believes to be errors in the reasoning. For example, he asserts the ALJ was wrong to hold his decision to forgo left hip surgery against him. (*Id.* at 6.) Even taking his claim at face value, this was merely one piece of evidence the ALJ noted in support of her decision. And she did so by referring to Anderson's ability to undergo more conservative treatment instead—not that he wouldn't be disabled but for the choice to forgo the surgery. Moreover, Anderson does not show how this error was prejudicial. *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875 (11th Cir. 2013) ("When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.").

## IV. Conclusion

Considering the record as a whole, substantial evidence supports the ALJ's findings and the correct standards were applied. Accordingly, the Court **AFFIRMS** the Commissioner's decision and directs the Clerk to enter judgment for the Commissioner and against Sammie Anderson, Jr. and close the file.

**ENTERED** in Fort Myers, Florida this July 31 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record